No. 9620.

McPHAIL v. SEERIE BROTHERS CONSTRUCTION COMPANY.

Plaintiff having ridden into an excavation made by another than de-
fendant has no action against defendant.  The contention that
a fence erected by defendant around a building in course of
construction had produced or contributed to plaintiff's injury
was rejected upon the ground that the fence was lawfully con-
structed and was maintained only for a reasonable time.

*Error to Denver District Court, Hon. Charles C. Butler,
Judge.*

. Mr. DUNCAN McPHAIL, *Pro Se.*

Messrs. BARTELS & BLOOD, for defendant in error.

Mr. Justice Allen delivered the opinion of the court.

THIS is an action for damages for personal injuries.  A
judgment on the pleadings was rendered in favor of The
Seerie Brothers Construction Company, one of the defend-
ants.  To review such judgment, plaintiff brings error.

In our opinion the facts admitted in the pleadings are
sufficient to warrant the judgment of the trial court.  The
above named defendant, at the time of the injuries com-
plained of, was engaged in the construction of a building on
17th and Champa Streets, in the City of Denver, and in
compliance with an ordinance, erected and maintained a
tight board fence upon such streets, along the building
under construction.  No facts are alleged in the complaint
showing that the fence was maintained for an unreason-
able length of time, or that it was not properly situated,
but the contrary appears from the admitted facts.  It ap-
pears to be conceded that the defendant, under the circum-
stances, had the right to construct and maintain the fence.
The plaintiff was injured while riding a bicycle on 17th
Street and falling into an excavation located near the place
where the street was partially obstructed by the fence.  The
excavation had been made by The Western Union Tele-
graph Company.  We fail to find any material issues

framed by the pleadings which, if found for the plaintiff, would render the Construction Company liable.

The judgment is affirmed.

*Affirmed.*

Chief Justice Garrigues and Mr. Justice Bailey concur.